UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.:   1:13-CR-46-HAB |
| | ) |                     1:20-CV-211 |
| CHRISTOPHER R. SEALS | ) | |

## OPINION AND ORDER

The Defendant, Christopher R. Seals, is serving a sentence for armed bank robbery, 18 U.S.C. § 2113(a) and (d), brandishing, carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g). The Defendant now seeks to vacate his conviction and sentence under § 924(c). His Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 166) is predicated on the Supreme Court's decision in *United States v. Davis,* 139 S.Ct. 2319 (2019), which held that that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Encompassed within his petition are three assertions: first, that *Davis* demands that his § 924(c) conviction be vacated as unconstitutionally vague and/or that bank robbery is not a crime of violence under the statute's "force clause"; second, that he was improperly sentenced for brandishing; and third, that the Court failed to properly instruct the jury about aiding and abetting in his accomplices' brandishing of firearms. It is to these assertions the Court turns now.

## DISCUSSION

a. **Procedural Background**

As set out in the opening paragraph, Seals was charged in a three-count indictment with armed bank robbery (Count 1), brandishing (or using or carrying) a firearm during the bank robbery (Count II) and illegally possessing a firearm as a convicted felon (Count 3). These charges

were preceded by the Valentine's Day 2013 robbery by Seals and his two accomplices of the PNC Bank on Coventry Lane in Fort Wayne, Indiana. Surveillance video showed all three robbers armed with handguns. Video further revealed that Seals, while gathering money under the bank's control, dropped his gun behind the teller line. The gun was eventually recovered by the authorities and Seals' DNA was recovered from the ammunition of the firearm. Seals proceeded to trial and was convicted of all counts. The jury specifically found as to Count 2 that Seals brandished, carried, and used a firearm during and in relation to a crime of violence.

Thereafter, the Court sentenced Seals to 188 months imprisonment on Count 1, a consecutive 84 months of imprisonment on Count 2 and a concurrent 120 months on Count 3. Seals filed a direct appeal challenging the trial testimony and several of the guideline enhancements. *United States v. Seals,* 813 F.3d 1038, 1043-48 (7th Cir. 2016). The Seventh Circuit upheld Seals' conviction but remanded for resentencing relating to two of Seals' guideline challenges.

On May 16, 2017, the Court re-sentenced Seals to 121 months imprisonment on Count 1, a consecutive 84 months on Count 2, and a concurrent 120 months on Count 3. Seals filed a second direct appeal, which the Court of appeals decided on January 8, 2018. *United States v. Seals,* 708 Fed.Appx. 286 (7th Cir. 2018). The Defendant did not file for a writ of certiorari and thus, his conviction became final 90 days after the Seventh Circuit's decision. The Defendant then filed his instant § 2255 petition on May 29, 2020.

b. **Timeliness of Seals' claims under** *Davis*

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f)*; Narvaez v. United States,* 674 F.3d (7th Cir. 2011). The one-year period is triggered by the latest of four events and typically runs from "the date on which the judgment of

2

conviction becomes final." 28 U.S.C. § 2255(f)(1); *Clay v. United States,* 537 U.S. 522 (2003). Seal's judgment of conviction became final 90 days after the Seventh Circuit decided his second appeal, around April 18, 2018. Thus, at least at first glance, Seal's petition, was filed over a year from that date and is untimely.

However, the one-year filing period may be triggered by the events enumerated in 28 U.S.C. § 2255 (f)(2)-(4). For example, a petitioner who has not yet previously filed a § 2255 petition may bring one within 1 year of a new Supreme Court decision under certain circumstances. 28 U.S.C. § 2255(f)(3). Under this subsection, the limitation period shall run from the latest of: (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*

Seals' petition asserts, in part, that the Supreme Court's decision in *Davis* provides him relief from his conviction and sentence for the § 924(c) charge. The decision in *Davis* was delivered on June 24, 2019. Seals filed his § 2255 petition on May 29, 2020, and thus, his petition was timely filed within one year of that decision. The Government, however, contends that Seals' petition is untimely because the holding in *Davis* is inapplicable to Seals' case and thus, Seals "appears to be using *Davis* as a vehicle to avoid the timeliness problem for his claims." (ECF No. 169, at 5-6).

In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Section 924(c)(1)(A) provides for enhanced penalties for a person who uses or carries a firearm "during and in relation to," or who possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." Section 924(c)(3) defines the term "crime of violence" as "an offense that is a felony" and:

3

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the "elements clause"][1] or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. § 924(c)(3). After *Davis*, only a crime of violence that fits the definition set out in the "elements clause" of § 924(c)(3)(A) will support an enhanced penalty.

The Government asserts that Seals' enhanced penalties fell within the definition in the elements clause, not within the residual clause; thus, it concludes *Davis* is inapposite and renders Seals' petition untimely. However, this rationale impermissibly conflates the issue of timeliness with the resolution of the right asserted on the merits. *See Cross v. United States*, 892 F.3d 288, 293-294 (7th Cir. 2018). In *Cross*, the Government made a similar argument to the one raised here, but with regard to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). There, the Defendants brought their § 2255 challenge within a year of the ruling in *Johnson*. The Government asserted a timeliness defense claiming that the holding in *Johnson* failed to extend to the Defendants. The Seventh Circuit rejected that argument:

> The government's approach suffers from a fundamental flaw. It improperly reads a merits analysis into the limitations period. Section 2255(f)(3) runs from "the date on which the right *asserted* was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3) (emphasis added). It does not say that the movant must ultimately *prove* that the right applies to his situation; he need only claim the benefit of a right that the Supreme Court has recently recognized. An alternative reading would require that we take the disfavored step of reading "asserted" out of the statute.

*Cross*, 892 F.3d at 293-94 (internal citations omitted).

A similar scenario presents itself here. Seals asserts that the holding in *Davis* implicates his conviction and the sentence he received on the § 924(c) charge. This is sufficient under

---

[1] The "elements clause" is often referred to interchangeably as the "force clause."

4

§2255(f)(3) to permit his claim to be timely considered, even if he ultimately does not prevail on his theory. There is no requirement for the Defendant to prove success on the merits before this Court can deem his petition timely. Accordingly, the Court finds that Seals has timely "asserted a right" based on the Supreme Court's decision in *Davis*.[2]

### c. Timeliness and Procedural Default of the remaining claims

Seals is not so fortunate with respect to the other two assertions in his petition, neither of which even arguably implicate the decision in *Davis*. Seals contends that the jury "did not find expressly or even implicitly, that defendant was responsible for 'brandishing' firearms in the robbery." (ECF No. 166 at 11). Seals also claims that the Court failed to instruct the jury about aiding and abetting liability for the § 924(c) charge. Both of these arguments were available to Seals on direct appeal and Seals failed to raise them.

If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *Lund v. United States,* 913 F.3d 665, 667 (7th Cir. 2019); *Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017). Seals sets forth neither cause for the procedural default nor prejudice. He provides no rationale for why these arguments were not raised in either of his two direct appeals.

---

[2] The Government further argues that Seals procedurally defaulted on his *Davis* claim because well before the Supreme Court decided *Davis*, the Seventh Circuit invalidated the residual clause in § 924(c)(3)(B) on vagueness grounds. *United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016). Indeed, the Seventh Circuit expressly found that the residual clause in § 924(c) indistinguishable from the residual clause invalidated in *Johnson*. *Id.* at 996. The Government contends that when Seals was resentenced in 2017, he had the benefit of the *Cardena* case and could have raised the issue in his second direct appeal. While the Court agrees that Seals may very well be procedurally defaulted, because the merits of the claim are clear, the Court chooses to rule on the merits rather than on a procedural technicality.

Moreover, enforcing procedural default does not lead to a fundamental miscarriage of justice because, as the Government points out, contrary to the Defendant's argument, the jury specifically answered Verdict Form No. 3 in the affirmative. That form asked the jurors: "Do you find that the government has proven beyond a reasonable doubt that the offense involved <u>brandishing</u> the firearm?" (ECF No. 67, emphasis in original). That form also asked if the government proved beyond a reasonable doubt that the offense involved using or carrying a firearm. For each question, the jury answered affirmatively. Thus, there is no question that the jury made the requisite findings.

Further, the Government did not instruct the jury as to aiding and abetting because Seals was prosecuted as a principal. As the facts at trial made clear, all three bank robbers entered in the bank with firearms and all three displayed/brandished the firearms. There was simply no need to provide the jury with an aiding and abetting instruction. Given this record, Seals has pointed to no fundamental miscarriage of justice that occurs by enforcing the procedural default rules. Thus, the Court finds that all of Seals' non-*Davis* arguments are untimely and have been procedurally defaulted.

  d. **Merits of the Defendant's challenge under** *Davis*

In his motion, Seals argues that his armed bank robbery conviction under 18 U.S.C. § 2113(a) and (d) fails to qualify as a "crime of violence" based on the Supreme Court's decision in *Davis*. Unfortunately for Seals, he reads *Davis* too broadly. As noted above, the *Davis* decision only invalidated the "residual clause" of § 924(c)(3)(B). However, a conviction under § 2113 is a crime of violence under the still-valid "elements clause" of § 924(c)(3)(A). *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). As the Seventh Circuit has explained, § 2113(a) and (d) "have as an element the use, attempted use, or threatened use of physical force against the person

or property of another and thus qualify as crimes of violence under § 924(c)." *Armour*, 840 F.3d at 909. Moreover, the Seventh Circuit has concluded that bank robbery "fits easily" into the elements clause definition of crime of violence "because even when committed 'by intimidation,' it has 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *United States v. Williams*, 864 F.3d 826, 827 (7th Cir. 2017); *see e.g. United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) ("We have held that § 2113 bank robbery—which, just like carjacking, requires that the robbery be committed 'by force and violence, or by intimidation'—constitutes a crime of violence under both the Guidelines and under § 924(c)'s elements clause"); *Richardson v. United States*, 752 F. App'x 950, 951 (11th Cir. 2019) (per curiam) ("Richardson's predicate offense of bank robbery is categorically a crime of violence under the elements clause of section 924(c)").

Therefore, even though *Davis* invalidated § 924(c)(3)(B)'s residual clause, armed bank robbery, in violation of 18 U.S.C. § 2113(a), is still a crime of violence under § 924(c)(3)(A)'s elements clause and constitutes a valid predicate crime of violence for the purposes of Seals' conviction. Seals has presented nothing to suggest that his conviction was not based on the elements clause. The Defendant is thus not entitled to relief.

   e. **Denial of Certificate of Appealability**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Seals has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a

constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

## **CONCLUSION**

For the reasons discussed, the Court DENIES Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 166) and DECLINES to issue a certificate of appealability.

SO ORDERED on December 2, 2020.

*s/ Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT